**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **ANTONIO HERHANDEZ PADILLA** | ) | |
| **ID # 1009251,** | ) | |
| **Petitioner,** | ) | |
| **vs.** | ) | **No. 3:16-CV-0468-L (BH)** |
| | ) | |
| **WILLIAM STEPHENS, Director,** | ) | **Referred to U.S. Magistrate Judge** |
| **Texas Department of Criminal** | ) | |
| **Justice, Correctional Institutions Division,** | ) | |
| **Respondent.** | ) | |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION

Pursuant to *Special Order No. 3-251*, this habeas case has been automatically referred for findings, conclusions and recommendation. Before the Court is the petitioner's application to proceed *in forma pauperis*, received on February 18, 2016 (doc. 4). Based on the relevant filings and applicable law, the application should be denied, and the case should be dismissed without prejudice for failure to prosecute or follow an order of the court.

## I. BACKGROUND

The petitioner, an inmate currently incarcerated in the Texas Department of Criminal Justice, filed a petition for habeas corpus relief under 28 U.S.C. § 2254 and an application to proceed *in forma pauperis* (IFP) that were received on February 18, 2016. (*See* docs. 3, 4). A Notice of Deficiency and Order (NOD), dated February 22, 2016, notified him that he had failed to submit the required certificate of inmate trust account (CTA) in support of his application to proceed *in forma pauperis.* (*See* doc. 5.) It ordered him to submit an IFP motion with the required CTA or to pay the filing fee within 30 days, and specifically warned that failure to do so could result in dismissal of his case. More than 30 days from the date of that order have passed, but the petitioner has not submitted an IFP application with a CTA, paid the filing fee, or filed anything else in this case.

## II. INVOLUNTARY DISMISSAL

Rule 41(b) of the Federal Rules of Civil Procedure permits a court to dismiss *sua sponte* an action for failure to prosecute or follow orders of the court. *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988). This authority flows from a court's inherent power to control its docket, prevent undue delays in the disposition of pending cases, and avoid congested court calendars. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-31 (1962). The petitioner was given 30 days to pay the filing fee or submit an IFP application with the required CTA, and he was specifically warned that failure to do so could result in dismissal of this action. More than 30 days from the date of the order have passed, but he still has not complied with or otherwise responded to it.

## III. RECOMMENDATION

Leave to proceed *in forma pauperis* should be denied, and this case should be dismissed without prejudice under Fed. R. Civ. P. 41(b) for failure to prosecute or follow an order of the court, unless the petitioner pays the filing fee or submits an IFP motion with the required CTA within the time for objecting to this recommendation, or by some other deadline set by the Court.

**SIGNED this 6th day of April, 2016.**

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE